IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **GREGG ROBERT LUEDDE, #22686-078** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:20cv858** |
| | § | **CRIMINAL ACTION NO. 4:14cr152(1)** |
| **UNITED STATES OF AMERICA** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

In a construed motion for reconsideration (Dkt. #38), *pro se* Movant Gregg Robert Luedde asks the Court to reconsider its Final Judgment dismissing his Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255.

**I.  MOTION FOR RECONSIDERATION**

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)).  "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted).  The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).  The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa*

*Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet*, 367 F.3d at 478. The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Res. Grp., Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

## II. DISCUSSION

The record shows that United States District Judge Marcia A. Crone sentenced Movant to 121 months' imprisonment after he pled guilty pursuant to a written plea agreement to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Crim. ECF (Dkt. #44). Movant ultimately filed a second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which this Court denied, finding that the issues he raised were without merit. Movant requests that the Court reconsider the denial of his § 2255 motion.

In Movant's motion for reconsideration, he complains that he filed motions, notices, and demands that were not considered or ruled upon by the Court. He asserts that the failure to rule on his various filings disrupted the "continuity" and "context" of his issues, resulting in a violation of his due process rights. The Court first notes that Movant fails to provide any legal support for this conclusory contention that the Court denied him due process. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Nonetheless, any motions that had not been previously ruled upon were denied in the Memorandum Opinion and Order (Dkt. #34 at 11). Moreover, Movant fails to show an intervening change in controlling law, the availability of new

evidence not previously available, the need to correct a clear error of law or fact, or the need to prevent a manifest injustice based on the dismissal of his case. *Schiller,* 342 F.3d at 567. Movant is simply attempting to take a "second bite at the apple." *Sequa Corp.*, 156 F.3d at 144. He fails to show that he is entitled to relief from judgment.

### III.  CONCLUSION

It is therefore **ORDERED** that Movant's Motion for Reconsideration (Dkt. #38) is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

**SIGNED this 2nd day of December, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE